## John Higler v. The People.

*False pretenses—Claim of being a "storekeeper."*

Act 218 of 1879 provides for the punishment of any person who "with intent to defraud or cheat another shall designedly by color of any false token or writing, or by any other false pretense" obtain signatures to a written instrument. *Held* that the statute does not attempt to enumerate the false pretenses in particular terms, so that the term "any other false pretense" is not limited to a particular kind of pre-

tense, and the rule of construction that general terms must be construed as of the same tenor as preceding particular terms, previously enumerated, has no application.

The false pretense of being a storekeeper, if used successfully for the purpose of obtaining credit, will sustain a conviction under Act 218 of 1879 which provides for the punishment of persons who, with intent to defraud, obtain money from others by false pretenses.

Error to the Recorder's Court of Detroit.  Submitted June 22.  Decided October 6.

INFORMATION for false pretenses.  Conviction affirmed.

*Miller & Clarke* for plaintiff in error.  An information for false pretenses cannot be sustained where ordinary prudence would have prevented imposition : *State v. Stroll* 1 Rich. 244; *People v. Stetson* 4 Barb. 151; *People v. Haynes* 11 Wend. 566; *People v. Williams* 4 Hill 9.

Attorney-General *Otto Kirchner* for the people.  Obtaining money by a false pretense that one is a storekeeper would have been punishable at common law as a cheat (*Reg v. Bloomfield* 1 Car. & Mar. 537; *Com. v. Drew* 19 Pick. 179), and is within Comp. L. § 7590.

COOLEY, J.  The plaintiff in error has been convicted in the Recorder's Court of Detroit upon an information charging him with obtaining twenty-five dollars of one Burley by false pretenses.  The pretense alleged was " that he, the said John Higler, was then and there engaged in store-keeping in Cadillac, Wexford County, Michigan." *  No further repre-

---

* The information was as follows:

*State of Michigan, County of Wayne, City of Detroit.—ss :*  The Recorder's Court in and for the city of Detroit, in said county, of the March term thereof, in the year of our Lord one thousand eight hundred and eighty.  In the name of the people of the State of Michigan, I, Henry N. Brevoort, prosecuting attorney in and for the county of Wayne, who prosecute for and on behalf of the people of said State, in said court, come now in said court, and give the said court now here to understand and be informed that John Higler, late of the city of Detroit, heretofore, to wit, on the third day of February, A. D. 1880, at the said city of Detroit, in the county aforesaid, having applied to one Lafayette Burley to loan him, the said John Higler, the sum of $25 in money, and in order to induce the said Lafayette Burley to believe him, the said John Higler,

sentations are set up as accompanying this false pretense, whereby it was made effective. The question now is whether the information will sustain the conviction.

The statute under which the information was filed is as follows:

"Every person who, with intent to defraud or cheat another, shall designedly, by color of any false token or writing, or by any other false pretense, cause any person to grant, convey, assign, demise, lease or mortgage any land * * or obtain the signature of any person to any written instru-ment, the making whereof would be punishable as forgery, or obtain from any person any money, personal property or valuable thing, or by means of any false weights or measures, obtain a larger amount or quantity of property than was bargained for, * * * shall be punished by imprisonment," etc. Public Acts, 1879, p. 197.

It is said that this statute enumerates certain kinds of false pretenses, and that according to a familiar rule of construc-tion the " other " pretenses which the statute intends can be those only which are of a kindred nature to those which are

---

worthy of credit, and loan him, the said John Higler, the said sum of money, to wit, $25 in money, of the value of $25, with intent to cheat and defraud said Lafayette Burley, he, the said John Higler, did then and there designedly, falsely, fraudulently, and feloniously represent and pre-tend to the said Lafayette Burley, that he, the said John Higler, was then, and there engaged in store-keeping in Cadillac, Wexford county, Michi-gan, and he, the said Lafayette Burley, believing and relying upon the said false pretenses and representations, so made as aforesaid by the said John Higler, and being then and there deceived thereby, and being then and there induced thereby, was induced to make said loan and to deliver, and did then and there deliver, to the said Higler, the sum of $25, of the moneys, goods and chattels of him, the said Lafayette Burley. And the said John Higler did then and there designedly, knowingly, falsely, fraudulently, and feloniously obtain from the said Lafayette Burley, by means of the said false, fraudulent, and felonious pretenses aforesaid, $25 in money, of the value of $25 of the personal property, goods, and chattels of him, the said Lafayette Burley.

Whereas, in truth and in fact, the said John Higler was not then and there, to wit, on the third day of February, A. D. 1880, engaged as a store-keeper at Cadillac, Wexford county, Michigan, or at any other time or place; all of which the said John Higler then and there well knew, to the great damage and deception of the said Lafayette Burley, and to the evil example of all others in like cases offending, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan.

HENRY N. BREVOORT,
Prosecuting Attorney of Wayne County, Mich.

mentioned. *State v. Simpson* 3 Hawks 620; *State v. Sumner* 10 Vt. 589. But the rule has no application, because this statute does not attempt an enumeration of the pretenses that shall be held criminal. False tokens are mentioned, but the term is general, not particular, and the same may be said of false writings. The idea suggested to the mind by these is something cognizable to the sight or touch. " Any other false pretense " is a specification equally general, and will embrace other classes.

It is said further that the pretense, to be within the statute, must be one calculated to deceive a man of ordinary prudence, and that if it be a false representation of facts, these facts must be such as were calculated to influence a person of common caution to part with that which was obtained. Is the false representation that one is a " store-keeper " a pretense of this sort? It may be true and yet the man be utterly without responsibility and without character; and in that case the fact of the business would offer no security that a loan made in reliance upon it would be repaid. The term is indefinite: it may mean a wholesale merchant, or a petty dealer in toys or candies; it may imply a principal, or an agent or a servant; it may be applied to one notoriously without capital and who lives by his wits rather than by legitimate trades; in short, disconnected from all else, it can never indicate that the person who bears the designation is one who can safely be trusted with a loan.

All this is true; and if the reliance in accommodating another person with a loan were pecuniary means or responsibility, it might be very conclusive. But, notoriously, the fact is otherwise. Men are trusted in large amounts every day who have no pecuniary responsibility, and are known to have none. Sometimes the reliance for repayment will be a supposed business ability; sometimes on a business that would be injured by the existence of overdue debts; but most often, perhaps, a reputation for integrity. And if in any case the existence of any particular fact would be likely to beget confidence, there is no reason why a false assertion of its existence should not be a criminal pretense, as much as would be

a false assertion of pecuniary responsibility, provided it is equally relied upon, and equally effectual to accomplish the fraud designed.

Pecuniary responsibility is no more a necessary attendant upon a commission in the army than upon the keeping of a store; but the false assertion that one holds such a commission has been held a false pretense. *Regina v. Hamilton* 1 Cox C. C. 244; s. c. on appeal 9 Q. B. 271; *Thomas v. People* 34 N. Y. 351. So the pretense that one is buying horses as a gentleman's servant may be a criminal false pretense, though the fact of service by itself would not be likely to inspire confidence except in connection with the further fact, expressed or understood, that the master was to pay the purchase price. *Rex v. Dale* 7 C. & P. 352.

Now it is unquestionable that the fact that one is a store-keeper is one which would be likely to give a degree of confidence and credit. There is an implication, if not of solvency, at least of the possession of considerable means, in the very idea that one is keeping a store; with no knowledge of his responsibility one would sooner trust him for small sums than if he had no business, or if his business were unknown. A store-keeper is not expected to refuse payment of small debts, whether payment can or cannot be enforced; it is inconsistent with business prosperity that he should do so, and *prima facie* he will have in his hands the means whereby such debts may be paid. And if such a person, when away from home, had occasion to borrow a few dollars for expenses, a lender would trust, not to his responsibility, but to his honor, for re payment, and would probably ask no questions further, after learning what was his business.

But the question of the materiality of the pretense is one rather of fact than of law. If it was false, and had a tendency to deceive, and did actually deceive and accomplish the intended fraud, the case is within the statute. *Regina v. Hamilton,* supra.

" The materiality and the influence of the pretenses in question is for the jury to determine on evidence by verdict; unless some inducing circumstances upon the face of the

indictment show that the pretenses are clearly immaterial and could not influence credit. The averment of the pretenses by the indictment is only to give the defendant notice of what may be proved against him; the mode of obtaining need not be pleaded; and if any pretense is capable of defrauding, that is sufficient." *Thomas v. People,* supra. The pretenses in that case were that the prisoner was a chaplain in the army, just returned from the army and wanted money to get home with; and it was said of them: " A court cannot say, as a matter of law, that these were not material representations, and were not calculated to deceive; and to induce credit; and were not within the statute, which speaks of obtaining by any false pretense."

In this case the jury has found that the pretense was both false and effectual. There are no exceptions in the case, but the question of sufficiency is raised upon the face of the information itself. It is a question, therefore, whether the pretense is one which can, under any circumstances, be within the statute, and not whether it was so in the particular case under the facts disclosed by the evidence. As was said in *Thomas' Case,* we cannot say as a matter of law that the pretense was not within the statute.

The judgment must be affirmed.

GRAVES and MARSTON, JJ., concurred.

CAMPBELL, J., dissenting. I think our previous decisions and the general course of authority lead to the result that the statute only intends to reach such pretenses as are reasonably calculated to defraud. A merchant or any other business man would never trust another merely because he is a storekeeper, because a person may undertake such a business whenever he pleases, without either capital or credit, and may never have property enough to be subject to execution. Without some statement as to capital or business, it cannot be supposed reasonably safe to give credit. The cases which have held a false statement of office or position sufficient are mainly, and so far as original authority goes

are, I think, entirely cases where the character assumed involves such elements as to make it safe to trust the party from that alone. They are such instances as officers of the army and navy, government officers, and English university commoners. An officer of the army or navy is liable to punishment for any sort of dishonest conduct, and officers appointed to honorable positions are presumably reputable. Moreover, all of these have a pecuniary income which is known to every one, and the assumption of their character is a representation of their means and station. The conditions of residence in an English university make it entirely safe for a local tradesman to trust a commoner to any reasonable extent.

When the position involves in itself no trustworthiness, it seems to me the assumption of it falsely cannot be a sufficient ground by itself to convict under the statute.