## COMMONWEALTH *vs.* JOSEPH LUBINSKY.

Worcester.    September 30, 1902. — October 29, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Evidence,* Of other crimes to show intent. *False Pretences.*

On an indictment under R. L. c. 208, § 61, for obtaining goods from a certain person named with intent to defraud, by a false pretence of carrying on business and dealing in the ordinary course of trade, if the government shows that the goods were obtained by the defendant from the person named in the indictment in pursuance of a general scheme of fraud, evidence is competent tending to show that at or about the same time the defendant fraudulently obtained goods from other persons not named in the indictment by the same or similar pretences, as bearing upon the intent with which the defendant obtained the goods from the person named. The fact that the evidence also might be admissible to prove the commission of other crimes does not render it incompetent to show intent.

INDICTMENT, found January 20, 1902, under R. L. c. 208, § 61.

At the trial in the Superior Court before *Pierce,* J., the jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. S. Webster, J. E. Sullivan & D. F. O'Connell,* for the defendant.

*R. Hoar,* District Attorney, *& G. S. Taft,* Assistant District Attorney, for the Commonwealth.

MORTON, J.    This is an indictment for the larceny of goods alleged to be the property of one Barnet Walkowich. The specific offence charged was that described in R. L. c. 208, § 61, namely, that the defendant obtained the goods under the false color and pretence of carrying on business and dealing in the ordinary course of trade and with intent to defraud. Walkowich was called as a witness by the government and testified to the circumstances under which he sold and delivered the goods to the defendant, to the pretences under which the defendant obtained them, to his unsuccessful efforts to obtain payment, and to what the defendant said. Other witnesses, upwards of a dozen in all, were then called by the government who testified that the defendant obtained goods from

them by the same pretences as those by which he obtained goods from Walkowich and at and during the same time, and to their efforts, also without success, to obtain payment, and to what the defendant said.   It appeared that the defendant obtained in this way about five thousand dollars worth of goods for which he never paid any person anything.   The defendant did not object to the testimony of Walkowich, but did object to that of the other witnesses.   The judge overruled the objection and admitted the evidence not for the purpose of showing that the defendant had committed larcenies of goods belonging to the other witnesses, but as bearing on the question of the intent with which he obtained from Walkowich the goods mentioned in the indictment.   The defendant duly excepted.   There was a verdict of guilty and the case is here on the defendant's exceptions to the admission of this testimony.

We think that the testimony was rightly admitted for the purpose to which it was limited.   It is to be presumed that suitable instructions were given to the jury.   At any rate the defendant does not appear to have found any fault with them.

As bearing upon the intent with which the defendant obtained the goods from Walkowich, it was competent for the government to show, if it could, that the goods were obtained by the defendant pursuant to a general or common plan or scheme of fraud on his part.   And for the purpose of showing such a plan or scheme it was competent for the government to introduce testimony tending to show that at or about the same time he fraudulently obtained goods from other parties by the same or similar pretences which he appropriated to his own use and for which he did not pay.   The different transactions must be connected with the one in question as parts of a general or common scheme or plan to defraud in order to justify their admission as evidence. But when so connected the evidence of fraud which they furnish is competent as bearing upon the intent with which the goods were obtained in any one of the transactions embraced in the general plan or scheme.   *Commonwealth* v. *Drew*, 153 Mass. 588.   *Commonwealth* v. *Robinson*, 146 Mass. 571.   *Commonwealth* v. *Tuckerman*, 10 Gray, 173, 197.   *Jordan* v. *Osgood*, 109 Mass. 457.   The fact that the evidence might also be admissible to prove the commission of other crimes did not render it incom-

petent for the purpose for which it was admitted. There was abundant evidence that the different transactions were parts of a common plan or scheme to defraud.

*Exceptions overruled.*