*In re* JONATHAN G. STEPHENSON, *Petitioner*.

No. 13,530. (73 Pac. 62.)

SYLLABUS BY THE COURT.

CRIMINAL LAW—*False Pretenses — Venue.* The delivery of goods to a common carrier in one county to be carried and delivered to the consignee in another is a sufficient delivery to the consignee to consummate the crime of obtaining goods under false pretenses. The venue of such offense is properly laid in the county where such delivery was made.

Original proceeding in *habeas corpus.* Opinion filed July 10, 1903. Petitioner remanded.

*David Ritchie*, and *R. D. Armstrong*, for petitioner.
*C. W. Burch*, for respondent.

The opinion of the court was delivered by

CUNNINGHAM, J.: This is an original proceeding in *habeas corpus.* Upon a preliminary examination the petitioner was required to give bond for his appearance in the district court of Saline county to answer the charge of obtaining goods under false pretenses. He is a merchant doing business at Scott City, in Scott county, Kansas. By reason of his false pretenses he procured the H. D. Lee Mercantile Company to deliver to the Missouri Pacific Railway Company at Salina, for carriage and delivery to him at Scott City, various items of goods. In the language of his attorney, "the only question in this case for serious consideration . . . is whether a delivery of goods and merchandise to a transportation company for shipment to some other given point will constitute the consummation of the crime of obtaining goods by false pretenses under our statutes, by the party to whom shipped." The record shows that these goods

*In re* Stephenson.

were delivered in the city of Salina to the Missouri Pacific Railway Company for the petitioner.

The contention seems to be that, inasmuch as the petitioner did not come into the actual possession of the goods until their arrival in Scott City, that was the point of delivery, and hence the proper venue of an action ; that pending their transportation to him from Salina over the railway there was a *locus poenitentiæ* which he might have availed himself of up to the time of his actually taking possession. We think it is well settled by the authorities, as well as consonant with good reasoning, that the offense was consummated by the delivery of goods to the common carrier for the accused, the common carrier being his agent to receive and transport. The general doctrine is stated in Encyclopedia of Pleading and Practice, volume 8, page 859 :

"Where the false pretenses are made in one jurisdiction, and in reliance upon such false pretenses goods are delivered to a carrier for shipment to the defendant, the carrier acts as the agent of the defendant ; and, accordingly, the venue must be laid in that jurisdiction in which the goods are so delivered."

See, also, *Commonwealth v. Taylor*, 105 Mass. 172 ; *The State v. Lichliter*, 95 Mo. 402, 8 S. W. 720 ; *Norris v. The State*, 25 Ohio St. 217, 18 Am. Rep. 291 ; *Commonwealth v. Goldstein*, 3 Pa. Co. Ct. Rep. 121 ; *Commonwealth v. Karpowski, Appellant*, 167 Pa. St. 225, 31 Atl. 572.

The petitioner relies on the case of *Ex parte Parker*, 11 Neb. 309, 9 N. W. 33. In this case no note or memorandum of the purchase of the goods was made in writing, which, under the statute of frauds in Nebraska, made such purchase void. In view of this fact, the court in the discussion said :

"It was urged at the hearing that such delivery

was a delivery in legal effect to the petitioners, and so completed and gave locality — venue — to the offense. Such no doubt would be the case had the contract been such as to vest the legal title in the purchasers. But the contract being void within the statute of frauds a delivery to the railroad agent was no delivery to the consignees."

Having thus decided the merits of the case upon the soundest of reasons — which reasons find no place under our statutes — the court proceeded to a further discussion, which contains much to support the contention of this petitioner, but it is clearly *dictum* and fails to meet our approval as doctrine.

The legal presumption is that the title to goods delivered to a common carrier for carriage vests in the consignee upon such delivery, the common carrier being the agent of the vendee and not the agent of the seller. Therefore the possession of the carrier is the possession of the purchaser. This possession having been obtained by false pretenses, the offense was completed at the time and place where the goods were so delivered. In this case nothing appears in the record to indicate that any other than the ordinary rule here obtains. On the other hand, it does affirmatively appear that the goods were delivered in the city of Salina, Saline county, to the Missouri Pacific Railway Company, for the defendant.

We are of the opinion that it sufficiently appears that the possession of the carrier was the possession of the petitioner, and that the venue was properly laid in Saline county.

The petitioner will be remanded.

All the Justices concurring.