THE STATE OF KANSAS v. JONATHAN G. STEPHENSON.

No. 13,800. (76 Pac. 905.)

SYLLABUS BY THE COURT.

1. EVIDENCE—*Books of Accounts.* Where a book of accounts is made up from orders for goods or other temporary memoranda and constitutes the first complete and permanent record of the business, it is admissible in evidence, when verified by the oath of the person making the entries that they are correct and were made at or near the times of the transactions.

2. —— *Name of Book Immaterial— Bookkeeper Need Not Make Sales.* The fact that such entries are recorded in a book called a "ledger" does not make them other than original, nor is it necessary that the bookkeeper should have made the sales or billed out the goods sold, to make the entries admissible in evidence.

3. —— *Proper Report of Sales to Bookkeeper.* If the sales

made be regularly reported to the bookkeeper, and from such reports, or from orders or other temporary memoranda of the salesmen, the entries be correctly and contemporaneously made by him, they may be received in evidence, when duly verified by him.

4. CONSTITUTIONAL LAW—*Indeterminate-sentence Act Upheld.* The act providing for the imposition of indeterminate sentences on persons convicted of certain felonies, and authorizing their release, is not unconstitutional because of an infringement upon the judicial power of the courts or the pardoning power of the governor.

5. CRIMINAL PROCEDURE—*Effect of Motion in Arrest of Judgment.* The allowance of a motion in arrest of judgment does not operate as an acquittal of the charge made; it only places the defendant in the situation in which he was before the prosecution was begun.

6. FALSE PRETENSES—*Case Followed.* The case of *In re Stephenson*, 67 Kan. 556, 73 Pac. 62, approved and followed.

Appeal from Saline district court; R. R. REES, judge. Opinion filed May 7, 1904. Affirmed.

*David Ritchie,* and *R. D. Armstrong,* for appellant.

*C. C. Coleman,* attorney-general, and *C. W. Burch,* county attorney, for The State ; *T. L. Bond,* of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J. : In an information containing six counts J. G. Stephenson was charged with obtaining goods from the H. D. Lee Mercantile Company by means of false pretenses. On the trial he was found guilty of five of the charges, but a motion in arrest of judgment was sustained as to the finding on four of the,counts. Upon the remaining count judgment was rendered, sentencing him to imprisonment at hard labor in the state penitentiary, without fixing the limit or duration of the same. Complaint is made here of the character of the proof offered by the state.

In was charged that, to obtain the goods and the credit, appellant made false representations of the

The State v. Stephenson.

amount of his indebtedness.  To sustain this aver-
ment, and to show that he owed a much larger sum
than he represented, the account-books of several of
the wholesale houses from which he had obtained
credits were received in evidence, first having been
authenticated by the oaths of the bookkeepers who
made the entries.   The verified accounts received
were entered on what are called "ledgers," and the
contention is that these were not books of original
entries.

The evidence discloses that modern wholesale houses
have adopted modern methods of bookkeeping, in
which the day-book and journal once in common use
have no place in the system.   The order from a cus-
tomer comes in, and when approved by a credit man
is passed to shipping- and bill-clerks, who select and
assemble the goods ordered from different departments
of the house and check them out, and then the order,
initialed or marked by those through whose hands it
has passed, is handed to the bookkeeper, who formally
enters the items in a book designated a "ledger."
This book is the first complete and permanent record
of the charges and credits in the dealings had between
the house and the customer.   It appears that in some
instances, for safety and convenience, an impression
of the order is taken in a book, but it is only a copy of
the order itself and cannot be regarded as a book of
original entries.   All that precedes the entries in the
so-called "ledger" are mere temporary memoranda
which are turned in to the bookkeeper, who makes
the first and only formal entries of the transactions
between the parties.   They are made about the times
of the transactions and in the regular course of busi-
ness.   This book is the only permanent record of the
dealings of the parties from which the status of a cus-
tomer's account can be ascertained.

The purpose of the inquiry at the trial was to learn the extent of appellant's indebtedness, and that could not be learned from the orders, but would be shown by the book of accounts wherein was entered, contemporaneously with each transaction, both charges and credits.   It is not necessary to admissibility in evidence that a book of accounts be kept in any particular form, nor is it material by what name it may be called ; it is enough, if it be a book regularly and correctly kept, containing original entries of the daily transactions of the business, made at or about the times the transactions were had.   The fact that the book is called a "ledger" does not change the character of the entries, nor is it necessary that the bookkeeper should have made the sales or billed out the goods sold to make the book of accounts admissible in evidence.   If the sales made be regularly reported to the bookkeeper, and from such reports, or from orders or other temporary memoranda of the salesmen, the entries be promptly and faithfully made by the bookkeeper, the book is entitled to be read in evidence, when duly verified by the one who kept it.   (Gen. Stat. 1901, § 4835 ; *Rice & Floyd v. Hodge Bros.*, 26 Kan. 164 ; *The State v. McCormick*, 57 id. 440, 46 Pac. 777, 57 Am. St. Rep. 341).

In some cases the leaves of the ledger containing the accounts were produced by the bookkeeper, who swore that they were properly and correctly kept.   In other cases the witnesses from personal knowledge gave the state of the accounts, and in addition there were admissions of the appellant which supported the testimony of the books and bookkeepers, and also proof of statements by him that he misrepresented his indebtedness, making it from $500 to $700 less than it actually was.   The evidence was competent and abundant to sustain the charge.

The appellant next attacks the judgment of the court. Under chapter 375 of the Laws of 1903 an indeterminate sentence was imposed. The contention is that the provisions for the parole and release of prisoners encroaches upon the judicial and executive powers vested by the constitution in the courts and in the governor. Substantially the same objections were made to the statute authorizing an indeterminate sentence where youthful offenders are convicted and sent to the state reformatory, and it was held that the power conferred on the board of managers to parole and release the prisoners did not infringe on the judicial power of the courts or the pardoning power of the governor. ( *The State v. Page,* 60 Kan. 664, 57 Pac. 514.) That decision is a sufficient answer to the objections made to the statute under consideration.

It is next contended that the action of the court in arresting the judgment as to four of the counts operated as an acquittal of the defendant on all of the charges, including the one upon which the judgment was founded. This contention is based on the theory that all of the goods were obtained on the same false pretense, and therefore constitute but a single offense. The motion in arrest of judgment only raised the questions of the jurisdiction of the court, or the sufficiency of the facts to constitute a public offense, and the allowance of the motion did not operate as an acquittal, but only placed the defendant in the same situation in which he was before the prosecution was begun. (Crim. Code, §§ 277, 279 ; Gen. Stat. 1901, §§ 5715, 5717.) The count upon which the judgment was based sets up a complete transaction and charges a distinct offense, and whether the court ruled correctly or incorrectly on the motion in arrest of judgment, the verdict of the jury finding the defendant guilty under the first count is not affected by such ruling.

The counsel for appellant reargues the question determined in the proceeding in *habeas corpus* brought by the appellant soon after the conviction was had. We see no reason to reopen the consideration of that question, or to change the conclusion reached in the earlier proceeding. (*In re Stephenson*, 67 Kan. 556, 73 Pac. 62.)

There is nothing substantial in the objections made to the refusal of the court to strike certain averments from the information. Even if they were to be regarded as surplusage, their retention did not operate to the prejudice of the appellant.

We find no error in the record, and therefore the judgment of the district court will be affirmed.

All the Justices concurring.