## CAUDLE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. December 31, 1921.)

No. 5755.

1. **Indictment and information 132(5)—Election between separate offenses growing out of the same transaction not required.**

   The court properly refused to require election on which count the case should be submitted to jury, where indictment charged defendant and others with conspiracy under Penal Code, § 37 (Comp. St. § 10201), to commit the crime defined by Act Cong. Feb. 13, 1913 (Comp. St. §§ 8603, 8604), relating to the unlawful breaking of seals of railroad cars containing interstate or foreign shipments and stealing of freight therefrom, and that defendant unlawfully broke the seal of a car and other defendants aided and abetted, and another entered the car and defendant aided and abetted, and defendant stole property from the car and the others aided and abetted, and defendant and another had the stolen goods in their possession, knowing the same to have been stolen, and the others aided and abetted, all being offenses growing out of the same transaction and properly joined in one indictment, under Rev. St. § 1024 (Comp. St. § 1690).

2. **Criminal law 762(3)—Comment by judge on evidence held proper.**

   An instruction that, "if the defendant was in N. on those dates, he could not have taken part in the robbery of that car, and if he was there on the 20th and 21st, that would conflict with the witnesses testifying on the part of the government, not only W. and H., but also with the testimony of others, such as S., and other testimony with respect to the visit to the electric light office; no denial has been made as to that, other than his general denial," was not erroneous, where the court plainly told the jury that they were the judges of the evidence and were not bound by any statement of the court on the evidence.

---

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Criminal law ⬤⟹762(3)—Federal court may comment on evidence.**

A federal court may comment on the evidence, and express his opinion of the facts in the case, and advise the jury of his conclusions thereon, provided the jury is given to understand that it is not bound by the court's expression of opinion.

**4. Criminal law ⬤⟹400(6)—Record of train auditor held admissible, as best evidence.**

Where auditor went through train to examine transportation of passengers, and made a memorandum of all free transportation, and at the end of the run made a record of all free transportation, which he filed with the railroad company, the record filed with the railroad company was admissible as against an objection that it was not the best evidence; the memorandum made at the time he examined the transportation of passengers being only temporary, for the purpose of aiding his memory, and did not deprive the subsequent entry of its character as an original entry.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

L. D. Caudle was convicted under an indictment charging conspiracy to break seals of railroad cars and steal freight, and the unlawful breaking of a seal and the entering and stealing of property therefrom, and the felonious possession or reception of the same, and brings error. Affirmed.

O. L. Gorman, of Springfield, Mo. (Sam M. Wear and Roscoe C. Patterson, both of Springfield Mo., on the brief), for plaintiff in error.

Sam O. Hargus, Sp. Asst. U. S. Atty., of Kansas City, Mo. (James W. Sullinger, U. S. Atty., of King City, Mo., on the brief), for the United States.

Before HOOK, Circuit Judge, and TRIEBER and NEBLETT, District Judges.

NEBLETT, District Judge. The plaintiff in error, hereinafter called defendant, was indicted, tried, convicted, and sentenced on an indictment which contained five counts. The first count charged defendant, and five others, with a conspiracy under section 37 of the federal Penal Code (Comp. St. § 10201) to commit the crime defined and denounced by the Act of Congress approved February 13, 1913 (Comp. St. §§ 8603, 8604) entitled:

"An act to punish the unlawful breaking of seals of railroad cars containing interstate or foreign shipments, the unlawful entering of such cars, the stealing of freight and express packages or baggage or articles in process of transportation in interstate shipment, and the felonious transportation of such freight or express packages or baggage or articles therefrom into another district of the United States, and the felonious possession or reception of the same."

There were four overt acts charged to have been committed in furtherance of the conspiracy as follows: Defendant Caudle broke the seal of the car; one of the other defendants unlawfully entered the car; defendant Caudle and two others took cigarettes from the car;

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

three of the defendants hauled the railroad car from the yards to the pencil factory switch.

The second count charged the defendant Caudle with unlawfully breaking the seal of the car, and the other defendants aided and abetted. The third count charged defendant Mueller entered the car with the intent to commit larceny, and defendant Caudle and others named aided and abetted. The fourth count charged defendant Caudle and Mueller stole cigarettes from the car, and the other defendants aided and abetted. The fifth count charged defendant Caudle and Mueller with having stolen goods in their possession, knowing the same to have been stolen, and the other defendants aided and abetted.

[1] Defendant assigned as error the refusal of the trial judge to require the prosecution, on his motion, to elect upon which count of the indictment the case should be submitted to the jury. The court's ruling upon this motion was proper. The crimes charged in the several counts of the indictment come within the provisions of section 1024, Revised Statutes (Comp. St. § 1690); separate offenses growing out of the same transaction may be joined in one indictment.

[2] The defendant claims as error instructions given by the court, and the admission of certain evidence. The defendant has failed to set out that part of the court's instructions of which he complains, and has failed to quote in full the substance of the evidence admitted and claimed by him to be error, in his assignments of error, as required by rule 11 of this court (188 Fed. ix, 109 C. C. A. ix). However, we have considered these assignments. That part of the court's instructions which the defendant urges in his brief as error is as follows:

"If the defendant was in Norwood on those dates, then he could not have taken part in the robbery of that car; and if he was there on the 20th and 21st, that would conflict with some of the witnesses testifying on the part of the government, not only Waddle and Harmon, but also with the testimony of others, such as Mrs. Smith and Mr. Smith, and other testimony with respect to the visit to the electric light office. No denial has been made by the defendant as to that, other than his general denial."

[3] His contention being that by this instruction the court practically told the jury that certain evidence introduced by the government was to be taken as true, because not denied by the defendant. The rule is well settled in the federal courts that the judge may comment on the evidence and express his opinion of the facts in the case, and advise the jury of his conclusions thereon, provided the jury is given to understand that it is not bound by the judge's expression of opinion. Simmons v. United States, 142 U. S. 148, 12 Sup. Ct. 171, 35 L. Ed. 968; Allis v. United States, 155 U. S. 117, 15 Sup. Ct. 36, 39 L. Ed. 91.

The judge in his instructions in this case plainly told the jury that they were the judges of the evidence, and were not bound by any statement of the court on the evidence, and that they should not feel bound by the court's statement of facts, but were to determine the truth according to the dictates of their own judgment.

The defendant complains that the court's charge upon the presumption of innocence does not meet the requirements of law. With this contention we do not agree. We have examined the entire instructions given by the court, and find no reversible error in the same.

[4] The defense of the defendant Caudle, other than his general denial of participation in the crimes charged, was an alibi—that he was not in the city of Springfield, Mo., the place where the crimes were charged to have been committed, on the 20th day of May, A. D. 1919, but was in Norwood, Mo., on said date. The defendant Caudle testified that he went from Springfield, Mo., to Norwood, Mo., on train 103, the morning of May 19, 1919, and remained in Norwood until Wednesday, May 21. The prosecution in rebuttal introduced evidence showing that the St. Louis & San Francisco Railroad had issued to L. D. Caudle a system pass on its railroad, No. 21199, for the year 1919, and then introduced the record of the train auditor on train 104 of the St. Louis & San Francisco Railroad, which train ran from Norwood to Springfield, Mo., on May 19, 1919, arriving in Springfield, Mo.. about 8:30 p. m., which record showed that the pass of L. D. Caudle, No. 21199, was used on said train 104 from Norwood, Mo., to Springfield, Mo. It appears, from the evidence of the auditor producing the record of the use of said pass, that when the auditor goes through the train to examine the transportation of passengers he makes a memorandum in a book of all free transportation used by passengers on said train, and when the end of his run is completed he immediately makes a record of all free transportation used on his run, which record is filed with the railroad company. This record was introduced in evidence, and at the time the court instructed the jury the defendant requested that this record be withdrawn from the consideration of the jury, for the reason that the record introduced was not the best evidence.

The defendant assigned as error the refusal of the court to withdraw this evidence from the consideration of the jury. The record introduced in evidence is the first permanent record made by the train auditor of free transportation used on his train, and is the report of such transportation furnished by him to the railroad company. It is made about the time of the use of the transportation; memorandum made in his book at the time he examines the pass is only temporary, for the purpose of aiding his memory; the entries on the report were made by the train auditor. The mere fact that a memorandum was made will not deprive the subsequent entry of its character as an original entry. 22 C. J. 887; Stave v. Stevenson, 69 Kan. 405, 76 Pac. 905, 105 Am. St. Rep. 171, 2 Ann. Cas. 841.

Defendant's seventh assignment is not based upon any matter which appears in the record in this case, and is not urged by him in his brief.

Finding no error in the record, it is ordered that this case be affirmed.

Judge HOOK participated in the hearing of the case and concurred in the conclusion reached, but died before the opinion was prepared.