No. 25,805.

THE STATE OF KANSAS, *Appellee,* v. B. R. BEEZLEY, *Appellant.*

SYLLABUS BY THE COURT.

1. FALSE PRETENSES—*Evidence—Weight and Sufficiency.* The testimony presented in support of a conviction for obtaining promissory notes by false pretenses, is held to be sufficient to uphold the verdict and judgment.

2. SAME—*Issues, Proof and Variance.* Where a number of false pretenses are alleged it is not essential to a conviction that all of them should be established by evidence. Proof of one or more which of themselves constitute the offense is sufficient.

3. SAME—*Coupling Future Promises With False Pretenses.* The fact that the false representations as to a past event or existing situation were accompanied by future promises did not relieve the defendant or take the criminal character from the false pretenses as to existing or past facts.

4. SAME—*Evidence of Similar Offenses—Admissibility.* Evidence that defendant had about the same time made similar false pretenses to others was admissible on the question of guilty intent.

Appeal from Stafford district court; LeRoy E. QUINLON, judge. Opinion filed October 10, 1925. Affirmed.

*Robert Foulston, Sidney L. Foulston, George Siefkin* and *Forrest Siefkin,* all of Wichita, for the appellant.

*Charles B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, and *William Davison,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The defendant, B. R. Beezley, was convicted of the offense of obtaining money by means of false pretenses, and appeals.

In the information it was charged, in effect, that the defendant, with the intent to cheat and defraud C. W. Grizzell procured him to execute and deliver two promissory notes, each in the sum of $2,500, representing that he was the authorized agent of the Bank Financing Company, a corporation organized under the laws of the state of Kansas, which had its place of business in Wichita; that the defendant was authorized to sell the shares of the company, and that for each $1,000 paid by Grizzell he would receive a one-fiftieth interest in the company; and also that the Bank Financing Company was engaged in the organization of the Universal Finance

1. False Pretenses, 25 C. J. § 89.   2. Id., 25 C. J. § 60.   3. Id., 25 C. J. § 15.
4. Criminal Law, 16 C. J. § 1162.

Company, in which the Bank Financing Company was to own a one-fourth interest, and that each $1,000 in the Bank Financing Company would represent $2,000 in the Universal Finance Company; that the Bank Financing Company in selling $5,000 of interest in the Universal Finance Company would mature the notes executed by Grizzell and he would still have a $5,000 interest in the Universal Finance Company. It was further alleged that all of the representations were untrue, that the Bank Financing Company had not been organized under the law and that the defendant Beezley was not the authorized agent of the company, and further that no attempt had been made to organize the Universal Finance Company. It was further alleged that the defendant designedly, with intent to defraud Grizzell, represented that the notes executed and delivered to him would not be presented for payment, but that the $5,000 interest which the Bank Financing Company would obtain in the Universal Finance Company would operate to mature the notes, and Grizzell would still have a $5,000 interest in the Universal Finance Company. All of the representations, it is alleged, were untrue and were known by the defendant to be untrue at the time they were made, and that Grizzell, believing and relying upon the representations and pretenses, purchased the shares in the Bank Financing Company.

A motion to quash the information was overruled and in the brief it is argued that the information was defective in that it failed to contain an allegation that the defendant knew the pretenses alleged to be untrue. A counter abstract filed here discloses that such an averment was contained in the information, a fact now conceded by the defendant, and hence this assignment of error requires no consideration.

A second assignment is that the evidence does not sustain the conviction. This complaint is based mainly on the claim that the testimony relating to the representations made as to the corporation failed to show that it was represented to be organized and doing business as a corporation. It is admitted that there was no organization effected, and a representation that it was organized, if made, was false. In his testimony Grizzell sometimes said that defendant represented to him that they were organizing and at other times that the company had been organized and was doing business. When his attention was challenged to this confusion in his statement he

testified that the representation was that defendant represented that it was organized and doing business. Under the testimony the jury had a right to infer that the representations were that the Bank Financing Company was already organized and doing business and that the defendant was selling shares of stock in it. We think there was testimony sufficient to uphold the finding that material representations were falsely made with intent to defraud Grizzell.

It is contended that some of the false pretenses alleged related to future events and therefore could not be the basis of the prosecution. It is also contended that some of the alleged pretenses were not proven. The fact that a part of the pretenses alleged were not established by the evidence would not relieve the defendant nor prevent a conviction upon those proven which were operative to accomplish the fraud. In *State v. Hetrick,* 84 Kan. 157, 113 Pac. 383, it was decided that:

"It is not necessary to prove the falsity of all the representations alleged in an information for obtaining money by false pretenses; proof of one or more which are within the statute and which induced the payment is sufficient." (Syl. ¶ 3.)

As to the contention that some of the pretenses related to future events it may be said that false pretenses to constitute an offense must relate to a past event or a present existing fact and not to something to happen in the future. Some of the statements of the defendant related to what was to be done in the future by the Universal Finance Company; but the fact that a false pretense as to an existing or past fact is accompanied by a future promise does not exculpate the defendant nor take the case out of the operation of the statute. (*State v. Gordon,* 56 Kan. 64, 42 Pac. 346; *State v. Briggs,* 74 Kan. 377, 86 Pac. 447.)

There is a further complaint that testimony was received as to like representations made to others than to Grizzell. Evidence that defendant had made similar representations and pretenses to others is admissible to show the intent of the defendant; that they were a part of a scheme to defraud not only Grizzell but others, and that knowing the pretenses to be false, they were made with the purpose to deceive and defraud. (*State v. Briggs,* supra; *State v. Hetrick,* supra; *State v. Perkins,* 112 Kan. 458, 211 Pac. 139.)

Objections made to rulings on the admission of testimony and of instructions given are not regarded as being substantial, and finding no error in the record, the judgment is affirmed.