was not entitled to a refunder of the taxes paid, as herein set out.

Judgment of the court of common pleas will therefore be affirmed.

*Judgment affirmed.*

BUCHWALTER, P. J., and HAMILTON, J., concur.

---

EARP v. THE STATE OF OHIO.

*Criminal law—Obtaining money by false pretenses—Promises to be performed in future not within statute, when—Representations of past or present facts, coupled with future promise, punishable—Charge to jury—Refusal of special requests, covered by general charge, not error.*

1. Promise to pay certain sums, to be performed in future, is not subject of false pretenses within statute prohibiting obtaining money by false and fraudulent pretenses.

2. Misrepresentations relative to defendants' investment of money, necessity for them to exhibit certain sum as evidence of good faith, and that one of defendants was president of stock exchange, by which they obtained money, *held* false pretenses, though coupled with promise, to be performed in future, as inducement.

3. Refusal of requested instruction *held* not error, where correct statements of law therein were covered in general charge.

(Decided March 8, 1926.)

ERROR: Court of Appeals for Lucas county.

*Mr. Allen J. Seney,* for plaintiff in error.

*Mr. Roy R. Stuart,* prosecuting attorney, and *Mr. Harry Levey,* for defendant in error.

RICHARDS, J.   The plaintiff in error was convicted and sentenced for obtaining $11,400 by means of certain false and fraudulent pretenses.

It is insisted, as the first ground for a reversal, that the indictment charges no offense. The accused was jointly indicted with John Miller and Chiles McBride. The chief criticism on the indictment is that it is fatally defective, in that the pretenses relied on as false did not relate to past events or existing facts, but to a future promise. In order that it may appear whether this contention is tenable, we quote the following portions of the indictment:

The grand jurors find and present that "John Miller, Chiles McBride, and William Earp  *  *  * unlawfully did falsely pretend, with intent to defraud, to one John C. Brown that the said John Miller and Chiles McBride had, on the 6th day of August, 1921, invested a large sum of money in certain stocks on a stock exchange in the city of Toledo, Lucas county, Ohio, and that there was then due and payable to them the said John Miller and Chiles McBride the sum of $83,000 from the said stock exchange upon the said investment, and that it was necessary, before the said stock exchange would pay to the said John Miller and Chiles McBride the said sum of $83,000, that the said John Miller and Chiles McBride should exhibit to an officer of said stock exchange the sum of $40,000 in money, as evidence of their good faith and their ability to have paid the amount so invested, in the event that their said investment had resulted in a loss to them, and the said John Miller, Chiles McBride, and William Earp, un-

lawfully did, on the said 9th day of August, 1921, then and there falsely pretend, with intent to defraud, to the said John C. Brown that the said William Earp was then the president of said stock exchange, and the person to whom it was necessary to exhibit said sum of $40,000, and the said John Miller, Chiles McBride, and William Earp then and there requested the said John C. Brown to deliver to the said John Miller and Chiles McBride, for the purpose of making up said sum of $40,000 required to be exhibited as aforesaid, the sum of $11,400, and then and there promised and agreed to and with the said John C. Brown to return to him, the said John C. Brown, immediately after such exhibition thereof, said sum of $11,400, and to deliver and pay to the said John C. Brown one-third of said sum of $83,000 upon the receipt thereof by the said John Miller and Chiles McBride from the said stock exchange, by which said false pretenses said John Miller, Chiles McBride, and William Earp, then and there, unlawfully did obtain from the said John C. Brown certain money of the amount and value of $11,400 of the personal property of the said John C. Brown, with intent, then and there, to cheat and defraud the said John C. Brown out of the same.''

The indictment then proceeds to negative the averments above quoted. It is quite true that the portion of the indictment in which it is charged that the accused persons promised to return to Brown the sum of $11,400, and to deliver and pay to him one-third of $83,000, is nothing more than the statement of a promise to be performed in the future, and is not the subject of false pretenses,

within the meaning of the statute. However, the remaining portions of the indictment are material representations of past or existing facts, namely, that Miller and McBride had invested a large sum of money in certain stocks, and that there was due to them the sum of $83,000 from the stock exchange upon said investments, and that it was necessary before the same would be paid to them that they should exhibit to an officer of the stock exchange $40,000 as evidence of their good faith, and that the defendant William Earp was president of said stock exchange, and the person to whom it would be necessary to exhibit said sum, and that they requested Brown to deliver to Miller and McBride $11,400 for the purpose of making up said sum. These charges are each and all material representations of past or existing facts, and the fact that they are coupled with a promise of something which will be done in the future does not relieve them from being the basis of a criminal prosecution for obtaining money under false pretenses. We quote from 11 Ruling Case Law, 832:

"It is also clear that the mere fact that a representation relating to a past or existing fact is accompanied by a promise as to a future event will not take the case out of the operation of the statute. Where the statement of fact and the promise relied on as constituting the crime may be separated, and reliance is placed in part on the former, the promise may be disregarded, and a conviction be had on the false statement of fact."

It is evident that material false representations would many times fail to be effective, unless

coupled with a promise, and it certainly would be a dangerous doctrine to announce that these would fail to be criminal, for the sole reason that they were connected with a promise to be performed in the future. See 25 Corpus Juris, 594. The principle has been announced in innumerable cases, among which are *McDowell* v. *Commonwealth,* 136 Ky., 8, 123 S. W., 313; *State* v. *Briggs,* 74 Kan., 377, 86 P., 447, 7 L. R. A., (N. S.), 278, 10 Ann. Cas., 904; *Barton* v. *People,* 135 Ill., 405, 25 N. E., 776, 10 L. R. A., 302, 25 Am. St. Rep., 375, 380; *State* v. *Dowe,* 27 Iowa, 273, 1 Am. Rep., 271; *Zuckerman* v. *State,* 24 C. C., (N. S.), 404, 34 C. D., 646.

The plaintiff in error relies on *Dillingham* v. *State,* 5 Ohio St., 280, and *Winnett* v. *State,* 18 C. C., 515, 10 C. D., 245, but, as we construe those cases, they only announce the general doctrine that a conviction cannot be had unless there are material representations of past or existing facts, and that the state cannot rely for conviction on a promise to be fulfilled in the future. The indictment in the case at bar is not justly subject to those criticisms.

The evidence discloses such facts as would justify the jury in basing a verdict of guilty upon the false representations of past and existing facts charged in the indictment.

It is further urged as a ground for reversal that the trial court erred in refusing to give certain requests before and after argument. In so far as these requests contain correct statements of law, they were given in the general charge of the court.

Finding no prejudicial error, the judgment will be affirmed.

*Judgment affirmed.*

WILLIAMS and YOUNG, JJ., concur.