FETKENHAUER, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 3 — December 17, 1901.*

*Criminal law and practice: Larceny: Amendment of complaint and warrant: Ownership: Consent to taking: Felonious intent: Instructions to jury.*

1. Where the complaint and warrant in a prosecution for larceny alleged that the stolen property was the property of May Armour, but the evidence upon the trial showed that it belonged to Mrs. Philip D. Armour, Jr., it was not error, under secs. 4703, 4706, Stats. 1898, to allow the complaint to be amended, after the testimony was closed, to correspond with the proofs.

2. In such a case the fact that the warrant was not in form amended was immaterial.

3. Where a farm from which property was claimed to have been stolen by an employee was under the management of an overseer who was the complaining witness in a prosecution for the larceny, the fact that the owner was not sworn and examined as a witness to prove her nonconsent to the taking, is *held*, under the circumstances, not to have required direction of an acquittal.

4. Where the accused in such a case claimed that he took the property by permission of another employee on the farm, an instruction that the jury should acquit the accused if he took such property thinking that he had such permission, but that they should convict him if such permission had not been given, is *held* error, since it left entirely out of consideration the question of felonious intent.

ERROR to review a judgment of the municipal court for the Western district of Waukesha county: ANTHONY B. ROGAN, Judge. *Reversed.*

For the plaintiff in error there was a brief by *Ryan & Merton*, and oral argument by *D. W. Agnew.*

For the defendant in error there was a brief by the *Attorney General*, and oral argument by *C. E. Buell*, first assistant attorney general.

CASSODAY, C. J. The plaintiff in error was convicted of having stolen at the time and place named one bag of buckwheat of the value of $1.50, and thereupon he was sentenced to pay a fine of $5 and costs of the suit, taxed at $24.44, and in default of payment thereof to be imprisoned in the county jail at hard labor for a term of twenty days, or until the fine and costs should be paid or he be discharged by due course of law.

Error is assigned because, at the close of the testimony on the part of the state, the court refused to direct the jury to find the accused not guilty. This is put upon two grounds: one that the complaint and warrant both allege that the buckwheat was the property of "May Armour," whereas the evidence showed that it was the property of "Mrs. Philip

D. Armour, Jr.," and failed to show that they were one and the same person; and the other ground upon which it is claimed that the verdict should have been so directed is that the evidence failed to show the nonconsent of May Armour to the taking of the property. It was undisputed that the complaining witness was the overseer of the entire farm owned by Mrs. Philip D. Armour, Jr., and had been for several years; that the accused also worked for her upon the farm, and lived with his family in a cottage owned by her; that several others worked for her upon the farm, including one McKennon; that the buckwheat was taken from the farm by the accused and found in his possession; that he took the same without the knowledge or consent of the overseer; that the accused justified such taking on the ground that he had the permission of the workman, McKennon, who told him that there were some "buckwheat screenings" at the barn that would be good for his chickens, and that he "could have some of it," but that he must not tell any of the other workmen. McKennon testified to the effect that he had worked on the farm for more than two years; that the buckwheat was kept on the second floor of the barn; that after the taking he "found this bag of buckwheat in the boat wagon, covered with hay," at the premises of the accused; that he did not tell the accused that he might have some of the buckwheat; that he did tell him that the grain had just come from Chicago, including "buckwheat screenings." On his cross-examination he admitted that he did "not remember that" he told the accused "that he could have some buckwheat to sow in his chicken yard"; that he would not swear that it was never mentioned.

At the close of all the testimony, and after the opening argument of the district attorney to the jury, the state asked permission of the court to amend the complaint by striking out the name of "May Armour," and inserting in lieu thereof "Mrs. Philip D. Armour, Jr." After the district attorney

had offered and agreed to allow the accused to prove, if he could, what he claimed he would be prevented from proving if the amendment should be made, the court granted such request, and the amendment was made accordingly; and such ruling is also assigned as error.  The statute expressly authorizes a trial court to forthwith allow such "amendment, in case of variance between the statement" in the complaint as to "the ownership of" the property alleged to have been stolen, "in all cases where the variance between" the facts charged "and the proof are not material to the merits of the case."  Secs. 4703, 4706, Stats. 1898.  Such amendments have frequently been sanctioned by this court. *Golonbieski v. State*, 101 Wis. 335, and cases there cited.  The mere fact that the warrant was not in form amended is immaterial.  The warrant necessarily recited the substance of the complaint.  Sec. 4740, Stats. 1898.  The plea of not guilty to the warrant, as prescribed by statute (sec. 4747), was in legal effect a plea of not guilty to the offense alleged in the complaint.  This ruling is not in conflict with *State v. Davie*, 62 Wis. 305, 310.  It is there said that "this complaint, reduced to writing, is the formal charge or accusation, and, if it describes the offense and names the offender with sufficient particularity and certainty, it is as good as an indictment or information."  Since it was undisputed that the buckwheat was the property of Mrs. Philip D. Armour, Jr., and there is no pretense that it belonged to any one else, it would seem to be immaterial whether her Christian name was May or something else.

The mere fact that the owner of the property was not sworn and examined as a witness to prove her nonconsent to the taking of the property, did not, under the circumstances stated, require the court to direct a verdict in favor of the accused; and hence the refusal to do so was not error. The undisputed facts distinguish the case in that regard from those relied upon by counsel.  *State v. Morey*, 2 Wis. 494; *State v. Moon*, 41 Wis. 684.

After charging the jury to the effect that if they found from all the evidence in the case that the accused removed the bag of grain in question from the premises of Mrs. Armour, thinking that he had permission to do so from McKennon, then there was no element of larceny in the case, and they should find the defendant not guilty, thereupon the court further charged the jury as follows:

"But upon the contrary, and after such full consideration of all the testimony, considered by you with the utmost degree of care, caution and important consideration, that the defendant was not given permission by said McKennon to take the grain in question from said premises, then you should find the defendant guilty."

This leaves entirely out of consideration the question whether the accused took the property with any felonious intent, which is an essential element of the crime of larceny. 3 Greenl. Ev. §§ 150, 157. The charge contains no definition of such crime. According to Mr. Greenleaf, the most approved definition of the offense of larceny at common law is "the wrongful or fraudulent taking and carrying away by any person of the mere personal goods of another from any place, with a *felonious intent* to convert them to his [the taker's] own use and make them his own property, without the consent of the owner." 3 Greenl. Ev. § 150. Of course, the consent of the authorized agent of the owner would be in legal effect the consent of the owner. In the case at bar, if the accused honestly believed that McKennon had authority to give him permission to take the buckwheat away and convert the same to his own use, and he did so in pursuance of such permission, then there would be an absence on his part of such felonious intent. The giving of the charge in question was error.

*By the Court.*— The judgment of the municipal court for the Western district of Waukesha county is reversed, and the cause is remanded for a new trial.