THOMAS P. KEYES

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed June 19, 1902—Rehearing denied October 8, 1902.*

1. INDICTMENT—*when indictment for false pretenses sufficiently negatives truth of pretenses.* In an indictment for obtaining money by the false pretense that chattels were free from all liens and encumbrances, an allegation that the property was "not free from all liens and encumbrance," but that a certain party held a certain chattel mortgage on the property, sufficiently negatives the truth of the pretense, and charges that the property was subject to the mortgage without alleging the mortgage was at the time in force.

2. CRIMINAL LAW—*when proof sustains allegation as to existence of encumbrance.* On a trial for obtaining money by the false pretense that property was unencumbered, an allegation that the mortgage upon the property was given to secure $200 in money is sufficiently proven by evidence that it secured eight notes for $25 each.

3. SAME—*negligence of purchaser is no defense to prosecution for false pretenses.* The neglect or failure of a purchaser of personal property to examine the records for liens and encumbrances is no defense to the prosecution of the seller for obtaining money under the false pretense that the property was unencumbered.

*Keyes v. People,* 100 Ill. App. 163, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Criminal Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

McEWEN & WEISSENBACH, for plaintiff in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The plaintiff in error, Thomas P. Keyes, was convicted in the criminal court of Cook county of obtaining from Katherine E. Moran $250 by false pretenses, and was sentenced to the house of correction for one year and to pay a fine of $1000. The record was reviewed on error by the Appellate Court and the judgment was affirmed. This writ was then sued out by Keyes to bring the record before this court for review.

It is urged that the court erred in overruling the motion to quash the indictment. The substance of the charge was that Keyes, with intent to cheat and defraud Katherine E. Moran and to obtain from her her money, falsely pretended and represented to her that certain personal property (which was described) contained in and used in keeping a restaurant, and which he claimed to own and which she was desirous of purchasing, was free from all liens and encumbrances, and that by means of such false pretenses, the falsity of which she did not know but on the truth of which she relied, he induced her to purchase a half interest in said property and to pay him $250 therefor, and that he did thereby obtain from her, by means of said false pretenses, said $250, when in truth and in fact, as he then well knew, said property was not "free from all liens and encumbrances, but that the Vienna Model Bakery, a corporation organized and existing under and by virtue of the laws of the State of Illinois, then and there held a certain chattel mortgage on said chattels to secure the sum of $200 in money, as the said Thomas P. Keyes then well knew." The point made against the indictment is, that it contained no allegation that the chattel mortgage was valid or in force and effect at the time the alleged false pretenses were made. We are of the opinion that the allegation was sufficient to negative the truth of the alleged

pretense that the chattels were free from all liens and encumbrances, and as a charge that they were subject to the chattel mortgage mentioned. Paragraph 408 of the Criminal Code (Hurd's Stat. 1899, p. 632,) provides that "every indictment   *   *   *   shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury." The indictment as to the point made is clearly sufficient to meet this test, and it was not error to overrule the motion.

The second point made is, that there was a variance between the description of the property described in the indictment and that described in the mortgage. There are slight differences in the descriptions given in the two instruments, but they are essentially the same, and the proof showed that the property was the same.

Again, it is contended that the proof failed to sustain the allegation that the mortgage secured "the sum of $200 in money," because the evidence showed it secured the payment of eight promissory notes for $25 each. These notes were for the payment of $200 in money and were secured by the mortgage. We regard the evidence sufficient to sustain this allegation. The proof of the existence of the chattel mortgage on the property was given to sustain the allegation as to the falsity of the pretense that the property was not encumbered, and not as to the nature of the thing of value obtained, and the general allegation that the property was mortgaged to secure money means to secure the payment of money, and was sustained by proof that it was mortgaged to secure notes given for the payment of money. It was sufficient to prove the substance of that allegation. Literal proof of it was not required.

The record shows that Keyes practiced an outrageous fraud on Mrs. Moran, and obtained her money thereby, as alleged, and refused to refund it. He knew of the ex-

istence of the mortgage when he induced her to believe it was not mortgaged. The mortgagee had taken possession under the mortgage and the owner had replevied it and turned it over to Keyes, and it was while the replevin was pending that he, by the false and fraudulent representations charged, sold an undivided half of it to Mrs. Moran for the $250, which amount he received and then entered into a pretended partnership with her to run the restaurant, which lasted but a few weeks, as he must have known it would.

It is contended that the conviction cannot stand because the defrauded party did not take the precaution to examine the mortgage records; that had she done so she would have discovered that the property was not free from encumbrances. As held in *Thomas* v. *People*, 113 Ill. 531, such negligence of the defrauded party is no defense. As there said (p. 537): "The very object might be, and often is, to so influence the party as to prevent the accuracy of the pretenses being tested. Whether one owns property is a fact. The truth in regard to it might, undoubtedly, be disclosed by the record, but it might equally be disclosed by the declarations of the party; and the most dangerous artifice, and that against which it is most important the law should protect simple-minded and credulous people, is that whereby they are induced to forego all investigation and trust implicitly to the trickster." (See cases there cited.)

We have no doubt of the correctness of the judgment, and it will be affirmed.                    *Judgment affirmed.*