518    SUPREME COURT OF WISCONSIN.    [Feb.

State ex rel. Labuwi v. Hathaway, 168 Wis. 518.

State ex rel. Labuwi, Plaintiff in error, vs. Hathaway, Sheriff, Defendant in error.

*January 10—February 4, 1919.*

*Criminal law: Obtaining money by false pretenses: Confidence game: Gross fraud or cheat.*

1. One who, knowingly and with intent to defraud, falsely advertises and represents that a certain entertainment and celebration conducted and managed by him is for the benefit of the Red Cross, when it is not; that "the committee" (posters being so signed) is acting for the Red Cross or some part of the public, when it is not; and that he is engaged in the business of securing funds for the Red Cross, when he is not, and who by such means obtains moneys which he would not otherwise obtain, is guilty of the offense of obtaining money under false pretenses as defined by sec. 4423, Stats. 1917.

2. Such acts do not constitute the offense of playing the confidence game mentioned in sec. 4568m, Stats. 1917. That statute seems to contemplate that some visible material token or symbol shall be used or manipulated in such a manner that the confidence of the victim is gained, or in such a manner as to inspire confidence in the victim that he can beat the manipulator at his own game.

[3. Whether such acts constitute a gross fraud or cheat at common law, under sec. 4430, Stats. 1917, not considered.]

Error to review an order of the circuit court for Dodge county: Martin L. Lueck, Circuit Judge. *Affirmed.*

The relator was arrested upon a complaint charging in the first count that on the 4th day of July, 1917, at Neosho, Dodge county, this state, he did unlawfully and feloniously obtain from divers persons therein named certain specified sums of money by means and use of the confidence game mentioned in sec. 4568m, Stats. 1917. The second count as amended alleged that the relator, at the time and place mentioned,

"contriving and fraudulently intending to cheat and defraud the people of the state of Wisconsin, did knowingly, wilfully, falsely, fraudulently, deceitfully, artfully, and feloniously publicly advertise, conduct, represent, and manage a certain entertainment and celebration as being for the benefit

of the American Red Cross Association, and did then and there publicly advertise, announce, and proclaim to the people of said state of Wisconsin that all the proceeds in money derived by and from said celebration and of admission fees charged for admission thereto, and articles sold thereat, and otherwise, over and above the expenses of said celebration, would all be paid to the American Red Cross Association, did then and there hold, conduct, and manage a celebration and entertainment, and did then and there knowingly, wilfully, falsely, fraudulently, and deceitfully charge divers people of the state of Wisconsin admission fees thereto and receive and take from the said people of this state large sums of money for such admissions and for articles sold at such entertainment and celebration, and did then and there by means of said artful and deceitful advertisements and representations, and then and there well knowing the same to be false, fraudulent, and deceitful, and well knowing that said celebration and entertainment was not held for the benefit of the American Red Cross Association, and well knowing that the proceeds in money, as aforesaid, were not to be paid over to the American Red Cross Association, and then and there well knowing that said celebration was in fact to be held and was in fact held for the joint benefit of him, the said *Edmund J. Labuwi,* and one August Nell and one Mary Franke, and well knowing that all the proceeds and money aforesaid were to be divided between and among said *Edmund J. Labuwi,* said August Nell, and said Mary Franke, he, the said *Edmund J. Labuwi,* did then and there knowingly, fraudulently, deceitfully, and feloniously, and with intent to defraud and by means of the aforesaid false and fraudulent advertisements and representations, obtain of and from John Mann the sum of seven dollars and seventy-five cents ($7.75) of the money of said John Mann, and from A. C. Stock the sum of ten dollars ($10) of the money of said A. C. Stock, and from William Wegwart the sum of one dollar and seventy-five cents ($1.75) of the money of said William Wegwart, and from Charles J. Skwor the sum of one dollar and twenty-five cents ($1.25) of the money of said Charles J. Skwor, and from divers other persons to the number of more than forty-six hundred the sum of more than thirty-two hundred dollars ($3,200) of the money of such divers persons, the said money so ob-

tained being then and there of the value of more than thirty-two hundred dollars ($3,200), whereas in truth and in fact the said celebration was not held and conducted for the benefit of the American Red Cross Association and was not intended by said *Edmund J. Labuwi* to be so held and conducted; and whereas in truth and in fact it was not the intention of said *Edmund J. Labuwi* to pay over to the American Red Cross Association the proceeds in money of said celebration and entertainment; and whereas in truth and in fact the proceeds in money to be derived from said celebration and entertainment was not in fact to be paid to the American Red Cross Association, and was in fact to be divided between and among said *Edmund J. Labuwi,* said August Nell, and said Mary Franke, as he, the said *Edmund J. Labuwi,* then and there well knew; and the said John Mann, A. C. Stock, William Wegwart, Charles J. Skwor, and the said divers persons to the number of more than forty-six hundred hereinbefore mentioned, each and all then and there believed the false pretenses aforesaid, and each being deceived thereby was induced by reason of the false pretenses and representations so made as aforesaid to deliver and did then and there deliver to the said *Edmund J. Labuwi* the respective sums of money aforesaid."

At the preliminary hearing had in March, 1918, testimony was given by a number of witnesses to the effect that they attended the celebration believing and relying upon the fact that it was given for the benefit of the Red Cross; that they would not have attended but for such belief; that they spent money more freely on that account, and that some of them refused to take change on making purchases because they wished to make a donation to the Red Cross, and some gave services gratis for the same reason. Posters signed "The Committee" and advertisements in papers stating that "Proceeds go to American Red Cross" were introduced in evidence. The evidence also tended to show that a substantial net profit was made, but that no offer to pay any money over to the Red Cross was made as late as five months or more after the celebration was held.

At the close of the preliminary examination the relator

State ex rel. Labuwi v. Hathaway, 168 Wis. 518.

was bound over to the circuit court for Dodge county to answer to such information as the district attorney might file against him.   The relator secured a writ of *habeas corpus* from the county judge of Dodge county returnable before the county court.   After a hearing upon said writ he was by order of the court remanded to the custody of the sheriff of Dodge county, and upon a review of said order by the circuit court for Dodge county it was affirmed, and the relator obtained a writ of error from this court to review the order of the circuit court.

*C. M. Davison* of Beaver Dam, attorney, and *Frank T. Boesel* of Milwaukee, of counsel, for the plaintiff in error.

For the defendant in error there was a brief by *Spencer Haven,* attorney general, *J. F. Baker,* assistant attorney general, and *Claron A. Markham,* district attorney of Dodge county; and the cause was argued orally by *Mr. Baker* and *Mr. Markham.*

VINJE, J.   The relator claims that the complaint and evidence are insufficient to show that any offense known to the law was committed, because at best they show only a promise to do something in the future, and that the failure to fulfil such a promise is not an offense.   The state argues that the complaint and evidence show any one of three distinct offenses, namely: (1) playing the confidence game mentioned in sec. 4568*m*, Stats. 1917; (2) a gross fraud or cheat at common law under sec. 4430; and (3) obtaining money under false pretenses as defined by sec. 4423.

Without attempting to define the statutory confidence game we have reached the conclusion that the complaint and evidence do not bring the alleged acts of the relator within it.   The statute seems to contemplate that some visible material token or symbol shall be used or manipulated in such a manner that the confidence of the victim is gained, or in such a manner as to inspire confidence in the victim that he can beat the manipulator at his own game.   In this case neither element was present.

Since our statute penalizing the obtaining of money under false pretenses is largely if not entirely an amplification of the common-law fraud or cheat offense, it is not deemed advisable to direct our attention to an analysis of such offense, but rather to direct it to the false pretense statute itself, which is quite specific and has received repeated construction by this court, as have similar statutes by other courts.

In *Baker v. State*, 120 Wis. 135, 97 N. W. 566, it was held that the obtaining of money under false pretenses for an ostensibly charitable purpose came within the statute. So the question is, Did the relator, by means of false pretenses, secure money that he would not otherwise have secured had such pretenses not been used.

A false pretense, within the meaning of the statute, is the representation, with the intent to defraud, of the existence of some material fact or circumstance calculated to mislead which does not exist and which the accused knows to be false or has no reason to believe is true. *Clawson v. State*, 129 Wis. 650, 109 N. W. 578; *Comm. v. Stevenson*, 127 Mass. 446; *State v. Briggs*, 74 Kan. 377, 86 Pac. 447, 7 L. R. A. N. s. 278 and note; 11 Ruling Case Law, 831.

A mere naked promise to do something in the future or to pay for goods in future is not sufficient to constitute a false pretense within the statute. *Comm. v. Drew*, 19 Pick. (36 Mass.) 179; *State v. Briggs, supra*. But a false representation that some material fact or circumstance exists, coupled with a promise to do something in the future, comes within the statute. *Thomas v. People*, 34 N. Y. 351; *State v. Briggs, supra; Taylor v. Comm.* 94 Ky. 281, 22 S. W. 217; *State v. Fooks*, 65 Iowa, 196, 452, 21 N. W. 561, 773.

Assuming the evidence and the allegations of the complaint to be true, we find that the relator represented (a) that the celebration was for the benefit of the Red Cross, when it was not; (b) that the committee acted for the Red Cross or some part of the public, when it did not; and (c) that he was engaged in the business of securing funds

for the Red Cross, when he was not. These were all false representations of material facts which he claimed existed, and it is alleged and the evidence shows that upon the strength of them he secured money that otherwise he would not have secured. That an appeal to the patriotism of the people at the time and for the cause assigned was a most potent purse-opener cannot be doubted. The conclusion reached, therefore, is that the complaint charges the offense of obtaining money under false pretenses as defined by sec. 4423, Stats. 1917, and the evidence shows that there is probable cause to believe the relator guilty thereof.

*By the Court.*—Order affirmed.