BROCKMAN, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 11, 1926—January 11, 1927.*

*Larceny: Taking property without consent of owner: Larceny by trick not distinct offense.*

1. The larceny statute (sec. 343.17) does not include larceny by trick as distinguished from larceny; and an information charging larceny cannot be properly amended to charge larceny by trick.   p. 16.
2.. The conviction of defendant is *held* not sustained by evidence which did not show that the property was taken and used by the defendant without the consent of the owner.   p. 19.

ERROR to review a judgment of the municipal court of Milwaukee county: GEORGE A. SHAUGHNESSY, Judge. *Reversed.*

Mrs. Brockman, defendant below, abandoned by her husband, lived with her seventeen-year-old daughter by a prior husband on a lot held under land contract at St. Francis, a suburb of Milwaukee, said county. One Meyer, about seventy-seven years old, answered by letter her advertisement in a Milwaukee German newspaper to the effect:

"Elderly man or woman may find a good permanent home if desired, with respectable woman and daughter, in return for a safe loan on property and interest for $300. Must have the money in a short time," etc.

Defendant called on him in his. absence. The daughter subsequently came and accompanied him to defendant's house. Here they discussed the loan of $300, the giving of some security for it, said to be at a bank, and his boarding there at $5 to $9 per week, but no definite terms for such were made. He returned on May 7th, gave her $300 cash, and received her six per cent. six-months promissory note for that amount. May 9th she wrote him not to come for several days and later told him not to come at all. He in-

quired at the bank and was told she had no money or property there. June 7th he demanded the return of his money and was refused. Defendant was brought to the office of the district attorney, admitted placing the advertisement; that she had intended to give security; promised to repay but failed to do so.

July 1st she was charged with the larceny of the $300 and bound over. On trial before the court below, she waiving a jury, the district attorney, over defendant's objection, was permitted to amend the information so as to charge "larceny by trick," but no written amendment was made or filed.

Defendant was found guilty as charged in the amended information, sentence was suspended for one year and she placed on probation for such term. After denial of a new trial defendant seeks to review.

For the plaintiff in error there was a brief by *Alfred C. Loose,* attorney, and *Leo J. Topolinski,* of counsel, both of Milwaukee, and oral argument by *Mr. Loose.*

For the defendant in error there was a brief by the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, and *C. Stanley Perry,* assistant district attorney, and oral argument by *Mr. Perry.*

ESCHWEILER, J. It is conceded that the attempt to amend the information charging "larceny" to one charging "larceny by trick" was of no effect, there being no statute providing for "larceny by trick" as distinguishable from "larceny."

The conviction must be sustained, if at all, under sec. 343.17, Stats., relating to larceny and providing in substance for the punishment of "any person, who shall commit the crime of larceny by stealing the property of another." The words "larceny" and "stealing" are not defined in this statute, but the term "property" is expressly made to cover the field of money, goods, and chattels (many specific kinds

whereof being therein enumerated), and it includes also the wrongful diversion or use of gas, water, steam, or electricity. By ch. 278 of the Laws of 1887 this statute was amended so as to include as larceny the fraudulent taking or converting of any chattel, money, or valuable security by a bailee, thereby covering as larceny that which would be clearly embezzlement or conversion by a bailee. See *Vought v. State,* 135 Wis. 6, 15, 114 N. W. 518, 646, 32 L. R. A. N. s. 234; *Burns v. State,* 145 Wis. 373, 382, 128 N. W. 987. Separate and specific statutes cover larceny of lead pipe in buildings (sec. 343.14); from the person (sec. 343.15); at fires (sec. 343.16); of cranberries (sec. 343.171); of property in the nature of realty (sec. 343.172); of birds, dogs, or beasts not the subject of larceny at common law (sec. 343.173).

The obtaining of money or other property "by any false pretenses or by any privy or false token and with intent to defraud" is the subject matter of still another specific statute, sec. 343.25. The phrase "trick" as used here in the amendment to the information and upon which defendant was found guilty would clearly be within the meaning of the above quoted terms used in the false-pretense statute.

This substantial distinction between the statutory offenses of larceny and of obtaining money by false pretenses has always existed in this state. In the Revised Statutes of 1849 simple larceny appeared as sec. 15, and false pretenses as sec. 33, in ch. 134, and such differentiation has been constantly preserved. In *State v. Kube,* 20 Wis. 217, it was said (p. 225), citing Greenleaf on Evidence, that if the owner intended to part absolutely with his property it is within the false-pretense statute; if he intended to retain ownership and to part with temporary possession for a specific purpose only it may be larceny. The same thing is said in *State v. Loser,* 132 Iowa, 419, 427, 104 N. W. 337;

*People v. Grider,* 13 Cal. App. 703, 110 Pac. 586; *Comm. v. Althause,* 207 Mass. 32, 93 N. E. 202, 31 L. R. A. N. S. 999; 2 Russell, Crimes (8th ed.), p. 1124,—all to the effect that if through fraudulent representations there is the intent to pass the title to property there is no larceny.

In this case there was evidently a present intention by Meyer that the defendant should have the money and the use of it for her own purposes; it was not intended to apply as to future payments, for his board or his having a home; there were no future conditions to be fulfilled or performed before defendant could have the use of the money. Meyer intended that defendant might then use as well as have the money, however much he may have been induced by fraud, artifice, or trick to come into that frame of mind. An essential element that the State must prove under our larceny statute was here lacking, viz. that the property shall be taken and used by the defendant without the consent of the owner. *Fetkenhauer v. State,* 112 Wis. 491, 495, 88 N. W. 294; *Topolewski v. State,* 130 Wis. 244, 255, 109 N. W. 1037; *Aldrich v. People,* 224 Ill. 622, 79 N. E. 964, 7 L. R. A. N. S. 1149.

The language, therefore, quoted in the State's brief from 36 Corp. Jur. 777, 778, that if the owner intends to part with title upon the fulfilment of conditions, and which statement is supported by the cases there cited, does not here apply. The State also urges that this conviction is supported by *People v. Miller,* 169 N. Y. 339, 62 N. E. 418, where defendant received money ostensibly to speculate with it on Wall street, promising to pay, and for some time paying, ten per cent. per week, and where a conviction for larceny was sustained, the court saying (p. 349) that defendant never intended to use the money in speculation, that his sole purpose by the pretense and device was to get possession of the money and appropriate it to his own use; but the owner there intended it to be used for speculation and not for defendant's own use. The New York case, therefore, is plainly

distinguishable, and furthermore, as pointed out in that case at page 350, and again in *Van Vechten v. American E. F. Ins. Co.* 239 N. Y. 303, 146 N. E. 432, the New York larceny statute includes the offense of obtaining property by false pretenses. In Massachusetts the larceny statute there now includes the formerly respective crimes of larceny, embezzlement, and false pretenses. *Comm. v. King,* 202 Mass. 379, 388, 88 N. E. 454. By the English larceny act of 1916 the "taking" includes obtaining possession by any trick, etc., as well as fraudulent conversion by a bailee or part owner. 2 Russell, Crimes (8th ed.), p. 1121. The same point is mentioned but not passed upon in *Vought v. State,* 135 Wis. 6, 15, 114 N. W. 518, 646, *supra;* and it is also spoken of in *Farrell v. Phillips,* 140 Wis. 611, 616, 123 N. W. 117.

The narrow distinction that may exist between larceny where possession is obtained by trick or fraud and the offense of obtaining property by false pretenses is pointed out in *Groover v. State,* 82 Fla. 427, 90 South. 473, 26 A. L. R. 373, with note at p. 381. See, also, *State v. Courtsol,* 89 Conn. 564, 94 Atl. 973.

We are therefore compelled to hold that the evidence here does not warrant a conviction of defendant under the larceny statute, sec. 343.17, *supra.*

We do not now determine, and the question is not before us, whether the facts shown would support a conviction under the false-pretense statute (sec. 343.25) and under such decisions as *Palotta v. State,* 184 Wis. 290, 199 N. W. 72, and the cases there cited at pages 294, 295; *State ex rel. Labuwi v. Hathaway,* 168 Wis. 518, 170 N. W. 654, and citations there; or *Krenn v. State,* 157 Wis. 439, 147 N. W. 367.

*By the Court.*—Judgment reversed.