FUETSCH, Plaintiff and Respondent, vs. FAHNEY and others, Defendants: SCHOEDEL, Defendant and Appellant: SCHWINN, Guardian *ad litem,* Defendant and Respondent.

*September 14—December 5, 1939.*

For the appellant there were briefs by *Schanen & Linley,* attorneys, and *Victor Linley* of counsel, all of Port Washington, and oral argument by *Mr. Linley.*

For the respondent Mrs. R. Fuetsch there were briefs by *O'Meara & O'Meara* of West Bend, and oral argument by *Thomas O'Meara.*

*Lloyd H. Lobel* of West Bend, for the respondent William P. Schwinn.

The following opinion was filed October 10, 1939:

ROSENBERRY, C. J.   On the 15th day of April, 1929, for value, the defendants, Henry Fahney and Angeline Fahney, his wife, made, executed, and delivered to Carl Fahney, Sr., and Anna Fahney, his wife, a note and mortgage in the sum of $8,500, with interest thereon at the rate of five per cent per annum.   It appears that this mortgage was given in lieu of a mortgage of $7,500, given on January 27, 1922, by Henry Fahney and Angeline Fahney, his wife; that on the same day and contemporaneously therewith, the said Henry Fahney and Angeline Fahney gave a mortgage to one Anna Mayer in the sum of $4,000, hereinafter referred to as the "$4,000" mortgage.   This mortgage contained a recital that it was subject to a first mortgage of $7,500.   On March 21, 1928, an action was commenced by Anna Mayer to foreclose the $4,000 mortgage.   *Lis pendens* was filed, and in the complaint it was alleged that it was subject to the $7,500 mortgage.   On April 15, 1929, the mortgage now sought to be foreclosed was executed and delivered,—$1,000 was applied on the $4,000 mortgage, reducing it to $3,000.   At the same time Carl Fahney, Sr., and his wife executed a satisfaction of the $7,500 mortgage and took in lieu thereof the $8,500 mortgage.   Thereafter a judgment of foreclosure was entered upon the $4,000 mortgage.   On the 11th day of November, 1930, Anna Mayer assigned the $4,000 note and mortgage to the State Bank of Newburg, which assignment was duly and promptly recorded.   The State Bank of Newburg duly assigned said $4,000 note and mortgage to Ernest A. Schoedel on March 31, 1931, it appearing that both assign-

ments were for value, and the defendant, Ernest A. Schoedel is now the owner and holder of the $4,000 note and mortgage.

It appears that Carl Fahney, Sr., one of the original mortgagees, died on July 19, 1929, whereupon the other mortgagee, Anna Fahney, became such owner and holder of the $8,500 note and mortgage; that Anna Fahney died on July 20, 1930, and that the balance then due upon the $8,500 mortgage, which was $7,633.66, was by decree of the county court assigned one fourth to Joseph Fahney, one fourth to Carl Fahney, one fourth to Ann Fellenz, one fourth to William P. Schwinn, as guardian of the Schwinn heirs. Thereafter, on the 5th day of August, 1933, Carl Fahney, Jr., assigned his one-fourth interest to the plaintiff.

The trial court held that the $8,500 mortgage was a first mortgage and that the lien of the mortgage owned by the defendant Schoedel was subordinate to it.

The question for decision here is whether the trial court correctly held, under the facts of this case, that the $8,500 mortgage was a first mortgage and that the lien of the mortgage owned by the defendant Schoedel was subordinate to it. The defendant Schoedel claimed that he had a right to rely upon the record in the office of the register of deeds where the mortgage was recorded. Those records disclose that the mortgage for $7,500 was satisfied and a new mortgage for $8,500 was given on the same day. At the time of this transaction the $4,000 mortgage was long past due, and upon this $4,000 mortgage $1,000 of the $8,500 mortgage was paid, the other $7,500 being a renewal of the original obligation. Anna Mayer, the person named as mortgagee, now Ann Fellenz, testified that she knew of her own knowledge that the $8,500 mortgage was executed by her father and mother in order that $1,000 might be paid on the $4,000 mortgage. She had actual knowledge of the facts and continued to hold the $4,000 mortgage which contained a clause that it was subject

to the mortgage for $7,500. Under these facts it is clear that the mere renewal of the $7,500 mortgage, although it was satisfied of record at the time the $8,500 mortgage was recorded, did not, as between the parties to the transaction to which Anna Mayer was one, subordinate the $7,500 mortgage to the $4,000 mortgage.

When the Bank of Newburg purchased from Ann Fellenz and took from her an assignment of the mortgage and an indorsement of the note, which was then past due, the bank took it subject to all the equities between the original parties. Under such circumstances, the bank was not a *bona fide* purchaser for value so as to cut off the equities between the original parties. *Marling v. Jones* (1909), 138 Wis. 82, 89, 119 N. W. 931; *Phillips v. Holland* (1912), 149 Wis. 524, 136 N. W. 191; 41 C. J. p. 697, § 718, and cases cited; 19 R. C. L. p. 353, § 125.

The defendant Schoedel relies in part upon the fact that in the action to foreclose the $4,000 mortgage, a finding was made to the effect that it was a first mortgage. It appears from the record that the foreclosure judgment was dismissed. Schoedel is not claiming here under an assignment of the judgment, but is claiming as assignee of the note and mortgage. The judgment having been dismissed, the note and mortgage were revived and the effect of the judgment was destroyed. The case then stood as if no judgment had been entered. Under such a situation the finding concluded no party to this litigation.

The defendant Schoedel was charged by the record and by the papers transferred to him with knowledge of the fact that the Bank of Newburg took title of the note and mortgage after the same was due and therefore subject to outstanding defenses. The fact that at the time of the transfer and subsequent thereto the Bank of Newburg and the mortgagors entered into an agreement extending the time of payment for one year, but making the note payable upon demand, did not

enlarge the defendant Schoedel's rights. The mortgage having been transferred by the mortgagee after due, the transferees took it subject to outstanding defenses.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on December 5, 1939.