FRANK, Sheriff, Plaintiff in error, vs. STATE EX REL. MEIERS, Defendant in error.

*January 21—February 15, 1944.*

For the plaintiff in error there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Elmer R. Honkamp,* district attorney of Outagamie county, and oral argument by *Mr. Honkamp.*

For the defendant in error there was a brief by *G. F. Clifford* and *L. O. Warne,* both of Green Bay, and oral argument by *Mr. Clifford.*

WICKHEM, J.   The sole question upon this case is whether there was sufficient evidence upon preliminary examination to bind relator over for trial.

The contention of the state is that enough evidence was adduced to warrant binding over relator on charges, (1) of obtaining money by false pretenses; (2) larceny as bailee; (3) embezzlement.   The trial court held that this was a case of promissory statements, and not representations of fact, and that no evidence was adduced showing any crime.

Complaining witness, Albert Sauerhammer, responded to an advertisement by relator, Harvey G. Meiers, and his brother offering to borrow money on first mortgages.   A conference followed between relator and complaining witness.   Com-

plaining witness asked Meiers what he had to borrow money on, and Meiers said: "I got a couple of houses that I can give a first mortgage on." He said: "Have you got an abstract and everything? You've got to have an abstract and everything." This was answered in the affirmative. The complaining witness was then shown the house which was in the process of being rebuilt. He determined how much he was willing to loan on the house, made out a check, got a mortgage note, and was promised the mortgage and abstract within a few days. He never got the mortgage, and it turned out that the property, instead of being free and clear of incumbrance, was subject to one mortgage of $1,800, dated July 27, 1942, and another of $1,000, executed on May 21, 1943, only five days before the parties had had their conference. The property was worth $2,500 according to complainant and $3,500 according to relator.

The question is whether relator made false representations of fact or merely promised to give a first mortgage. *State ex rel. Labuwi v. Hathaway,* 168 Wis. 518, 170 N. W. 654; *Summers v. State,* 63 Ga. App. 445, 11 S. E. (2d) 409. The evidence upon the preliminary hearing is that defendant represented the premises to be presently unincumbered and eligible for a first mortgage. This is a representation of fact and will support a prosecution under sec. 343.25, Stats., even though by resort to the office of register of deeds the true state of the title could have been ascertained. *Palotta v. State,* 184 Wis. 290, 199 N. W. 72; *Keyes v. People,* 197 Ill. 638, 64 N. E. 730; *Smith v. State,* 86 Fla. 525, 98 So. 586; *Slaughter v. Commonwealth,* 222 Ky. 225, 300 S. W. 619, 56 A. L. R. 1209. See also note, 33 A. L. R. 1149. There is no doubt that promises to give an abstract and a first mortgage were included in the negotiations, and that standing alone these are not enough to support a charge of obtaining money under false pretenses. The making of these promises, however, does not impair the factual quality of representations

that the title is unincumbered, and the premises eligible for a first mortgage. *State ex rel. Labuwi v. Hathaway, supra.*

There being evidence sufficient to warrant holding relator for trial, the trial court was in error, and the judgment must be reversed. Under these circumstances we see no point in discussing other contentions made by the state.

*By the Court.*—Judgment reversed, and cause remanded with directions to quash the writ and remand the relator to custody.