SCHOEDEL, Respondent, vs. STATE BANK OF NEWBURG and another, Appellants.

*February 15—March 14, 1944.*

For the appellants there was a brief by *Schloemer & Stoltz* of West Bend, and oral argument by *C. J. Schloemer.*

For the respondent there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *E. H. Hallows* and *M. A. McLaughlin* of counsel, all of Milwaukee, and oral argument by *Mr. Hallows.*

WICKHEM, J.   The State Bank of Newburg is situated in the village of Newburg, and defendant, Isselman, is its cashier. Plaintiff resides in the state of New York.   On March 16, 1931, Charles Schoedel, as agent for plaintiff, went to defendant bank looking for the purchase of a first mortgage on farm property.   The bank owned a mortgage on the Fahney farm dated January 27, 1922, and recorded January 28, 1922. Charles Schoedel bought it for plaintiff upon defendants' representation that it was a first mortgage.   In fact, there was another mortgage upon the same farm dated and recorded April 15, 1929, and a foreclosure action was later commenced by the holder of this mortgage.   In litigation which followed this court held that plaintiff's mortgage was junior to the mortgage of 1929.   *Fuetsch v. Fahney,* 233 Wis. 34, 287 N. W. 687.   According to the allegations of the complaint, plaintiff knew nothing about the other mortgage until May 10, 1937, when the summons and complaint in the foreclosure action were served upon him.   This action was commenced on February 22, 1943, and is therefore within the six years if the six years dates from May 10, 1937.

Defendants contend that plaintiff, as assignee of the mortgage, was charged with notice of the recorded facts establishing the legal position of his mortgage and that plaintiff, having constructive notice of matters of record which disclosed the falsity of the representations, must be deemed to have discovered the fraud at the time when he was affected by such constructive notice.

We deem this position to be unsound and to be contrary to the rule in Wisconsin upon the subject. At the outset, attention should be called to the fact that constructive notice is in point of literal fact neither notice nor knowledge. For the promotion of sound policy or purpose, the legal rights and interests of parties are treated as though they had actual notice and knowledge. The term "constructive" is the mere trademark of a fiction. In *McMahon v. McGraw*, 26 Wis. 614, it was held that for the purpose of the statute of limitations in fraud cases there is no such thing as constructive discovery. This rule is also stated in *Fox v. Zimmermann*, 77 Wis. 414, 46 N. W. 533. In *Frank v. State ex rel. Meiers*, 244 Wis. 658, 12 N. W. (2d) 923, this court held that a misrepresentation that premises are presently unincumbered and eligible for a first mortgage is a representation of fact and will support a prosecution for obtaining money under false pretenses even though resort to offices of record would disclose the true title of the property. In support of this position the court cited the following Wisconsin case: *Palotta v. State*, 184 Wis. 290, 199 N. W. 72. It is quite evident that the acceptance of this doctrine precludes acceptance of defendants' contention. If the constructive notice arising out of the recording of instruments is equivalent to a discovery of the fraud for the purposes of the statute of limitations, it must be such a discovery as will make it impossible for the defrauded person to rely upon this sort of representation. There is no room for dividing the doctrine. If a person to whom the representation is made that the property is unincumbered or that the mortgage is a first mortgage is deemed to have discovered the fraud by reason of the record, then he must be deemed to have discovered it at the time the representations were made and there would be no occasion for dealing with the statute of limitations at all. Hence, we consider that the holding of this court that a person may rely upon such a representation as is here involved, though resort to offices of record would disclose its falsity, is fatal to

the contention that the record charges the defrauded person with knowledge of the fraud or gives him a notice or warning to which he must respond. The matter is well put in Restatement, 3 Torts, p. 93, sec. 540:

"The recipient in a business transaction of a fraudulent misrepresentation of fact is justified in relying upon its truth, although he might have ascertained the falsity of the representation had he made an investigation."

Comment *b*. "The rule stated in this section is applicable even though the fact which is falsely represented is required to be recorded and is recorded. The recording acts are not intended as a protection to those who make fraudulent representations. Their purpose is to afford a protection to persons who buy a recorded title against those who having obtained a paper title have failed to record it. The purpose of such statutes can be perfectly accomplished without giving them a collateral result which protects fraud feasors from liability."

From the foregoing it is concluded that the court properly overruled the demurrer.

*By the Court.*—Order affirmed.