PAASKE, Appellant, v. PERFEX CORPORATION, Respondent.*

*June 4—June 30, 1964.*

---

* Motion for rehearing denied, with costs, on September 2, 1964

For the appellant there were briefs and oral argument by *Charles Saggio* of Milwaukee.

For the respondent there was a brief by *Moore & Moore* of Milwaukee, and oral argument by *Raymond J. Moore*.

DIETERICH, J. The only issue involved on the instant appeal is whether there was a violation of the safe-place statute. The record reveals the following facts. On November 16, 1959, appellant Justin Paaske was employed as a mason by the Hackett Construction Company, and was working on the premises of the respondent Perfex Corporation in the city of Milwaukee. Paaske was constructing a wall which was to eventually enclose an open area between two buildings belonging to Perfex. The wall upon which he was working joined the existing wall of the building at right angles. Several steel beams protruded from the existing wall at six-foot intervals, and extended approximately six feet out from the surface of the wall. The beams were approximately 13 feet from the ground. On the date of the accident, November 16, 1959, Paaske was working on a scaffold approximately 10 feet off the ground. He testified that the beams were about three feet above the scaffold, and that there was about three and one-half feet from the end of the beams to the outside edge of the scaffold. Paaske stated that he had piled some bricks under one of the beams and was in a stooped-over position arranging the bricks, when he turned and his "tailbone" hit the beam, knocking him off the scaffold to the blacktop-surfaced lot below.

Paaske further testified that he had been working on the job for two or three weeks, and had bumped his head on a beam on a previous occasion, at which time he asked the

foreman to have the beams removed. He also stated that his mind was on his work, and on the Perfex lift trucks operating on the ground beneath him at the time of his fall, and that he was not aware that the beam was behind him when he collided with it. According to Paaske, he had no opportunity to place the scaffold on the outside or opposite side of the wall containing the beams, because of the proximity of a cyclone fence and railroad track. He also testified at one point that the beams were removed after the accident. On the argument, opposing counsel disputed this fact, stating that only one beam was removed for other purposes, although the defendant-respondent did not cross-examine Paaske, and put in no witnesses of his own. It should be noted, however, that the record contains a transcript of the proceedings held at the outset of the trial when the jury traveled to the Perfex plant for a view of the premises. At that time, counsel for the appellant pointed out to the jury "the beams sticking out of the wall" and made repeated references to the appearance of "the beams," the distances "between the other steel beams," etc.

The safe-place statute, sec. 101.06, Stats., provides in part as follows:

"Every employer shall furnish employment which shall be safe for the employes therein and shall furnish a place of employment which shall be safe for employes therein and for frequenters thereof . . . and shall adopt and use methods and processes reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employes and frequenters. Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building as to render the same safe."

The trial court determined that there was no violation of the safe-place statute. The duty under the statute is not ab-

solute, and the term "safe" as therein defined is relative. What amounts to a safe place depends upon the facts and conditions of the particular case. *Zehren v. F. W. Woolworth Co.* (1960), 11 Wis. (2d) 539, 543, 105 N. W. (2d) 563. The owner or employer is required to keep his premises as safe as the nature thereof will reasonably permit, but he is not an insurer of the premises. *Powless v. Milwaukee County* (1959), 6 Wis. (2d) 78, 94 N. W. (2d) 187.

Appellant relies on two cases in support of his argument —*Neitzke v. Kraft-Phenix Dairies, Inc.* (1934), 214 Wis. 441, 253 N. W. 579, and *Tomlin v. Chicago, M., St. P. & P. R. Co.* (1936), 220 Wis. 325, 265 N. W. 72. In the *Neitzke Case,* the safe-place statute was applied where employees of an independent contractor were working high above the ground on a smokestack, and came into contact with uncovered choke coils carrying over 2,000 volts of electricity. The court held that the choke coils became a "dangerous instrumentality" when the construction of the smokestack made contact with the coils likely. The differences between exposed high-voltage coils, and beams protruding from a factory or warehouse wall are obvious, and serve to distinguish the *Neitzke Case* from the instant action.

In the *Tomlin Case,* the plaintiff was injured when he walked around a corner in the defendant factory, and bumped his head on a steel shelf supporting a fire extinguisher. The shelf was approximately five feet, six inches above the floor level. This court affirmed a judgment entered in favor of the plaintiff. The *Tomlin Case,* however, is replete with testimony as to the ease with which the shelf could have been placed in a safer position, and the ease with which the corners of the steel shelf could have been rounded off or padded, thus doing away with the danger. In the instant action the record is barren of any such evidence.

The mere fact that there were eight beams protruding from the wall does not constitute a violation of the safe-place statute. The statute does not guarantee safety; all that is demanded is adherence to the rule of reason. *Hipke v. Industrial Comm.* (1952), 261 Wis. 226, 233, 52 N. W. (2d) 401. It is difficult to conceive any structure, safe as it may be considered to be, which could not be made more safe by some means or other. To hold that this assumption requires the conclusion that there has been a violation of the safe-place statute would be to make the owner or employer an insurer. Whatever danger there may have been because of the position of the protruding beams, such danger was not due to any unsoundness of the structure. Providing a device which might make the area safe for Paaske was not the duty of the defendant as owner of the building, but rather the duty of the immediate employer. See *Asen v. Jos. Schlitz Brewing Co.* (1960), 11 Wis. (2d) 594, 603, 106 N. W. (2d) 269.

We determine under the rules set forth above that there was no violation of the safe-place statute, and that the building was as safe as the nature of the premises would permit. It follows that the trial court did not err in directing a verdict for the defendant, for the evidence—even when viewed in the light most favorable to the appellant Paaske—is so clear and convincing as to reasonably permit unbiased and impartial minds to come to but one conclusion. *Davies v. J. D. Wilson Co.* (1957), 1 Wis. (2d) 443, 448, 85 N. W. (2d) 459; *Bruno v. Golden Bell Dairy* (1961), 15 Wis. (2d) 106, 109, 112 N. W. (2d) 199. The judgment and order of the trial court are affirmed.

*By the Court.*—Judgment and order affirmed.