STRACK, Respondent, v. GREAT ATLANTIC & PACIFIC TEA COMPANY, Appellant.

*April 12—May 9, 1967.*

52

For the appellant there was a brief by *Beckwith & Hollern* of Madison, and oral argument by *Richard A. Hollern.*

For the respondent there was a brief by *Robert I. Perina* and *Jasper, Winner, Perina & Rouse,* all of Madison, and oral argument by *Robert I. Perina.*

HALLOWS, J.   The safe-place statute requires a place of employment to be kept as safe as the nature of the premises reasonably permits.   There is no question that the A & P store was a place of employment or that Nellie Strack was a frequenter thereof or that she slipped on the little Italian prune and suffered certain injuries. The issue is whether A & P had sufficient notice of the presence of the plum on the floor so that it can be held negligent for failing to remove it.   Since the owner of a place of employment is not an insurer of frequenters of his premises, *Paaske v. Perfex Corp.* (1964), 24 Wis. (2d) 485, 129 N. W. (2d) 198; *Zernia v. Capitol Court Corp.* (1963), 21 Wis. (2d) 164, 124 N. W. (2d) 86, 125 N. W. (2d) 705, in order to be liable for a failure to correct a defect, he must have actual or constructive notice of it.   *Caldwell v. Piggly Wiggly Madison Co.* (1966), 32 Wis. (2d) 447, 145 N. W. (2d) 745; *Krause v. Veterans of Foreign Wars Post No. 6498* (1960), 9 Wis. (2d) 547, 101 N. W. (2d) 645; *Boutin v. Cardinal Theatre Co.* (1954), 267 Wis. 199, 64 N. W. (2d) 848. The requirement of notice is dictated by the demand of the principles of natural justice and was read into the terms of an otherwise absolute or strict liability duty in the statute.   *Pettric v. Gridley Dairy Co.* (1930), 202 Wis. 289, 292, 232 N. W. 595.

Of course, as we have said several times, constructive notice is neither notice nor knowledge but a shorthand

expression, "the mere trademark of a fiction." In order to promote sound policy, we attribute constructive notice of a fact to a person and treat his legal rights and interests as if he had actual notice or knowledge although in fact he did not. *Uhrman v. Cutler-Hammer, Inc.* (1957), 2 Wis. (2d) 71, 75, 85 N. W. (2d) 772; *Schoedel v. State Bank of Newburg* (1944), 245 Wis. 74, 76, 13 N. W. (2d) 534. In the *Boutin v. Cardinal Theatre Co. Case* we said that, when safe-place liability is to be ascribed to an owner predicated upon a failure to repair or maintain, the defect must exist long enough for a vigilant owner to discover and repair it. The principle of *Boutin* applies to the type of defects which occurred beyond the control of the owner such as in that case the surreptitious theft of the cushion from a theatre seat which resulted in injuries when Boutin sat down, or climatic conditions as in *Zernia v. Capitol Court Corp., supra,* or the unexpected temporary or transitory condition in *Krause v. Veterans of Foreign Wars Post No. 6498, supra.* In *Uhrman v. Cutler-Hammer, Inc., supra,* we made such a distinction and found the facts presented a situation where it was incumbent upon the defendant to take some minimum precaution to see that certain truck ramps were not so stored when not in use as to create a hazard. The failure to take such precaution foreclosed the defendant from asserting lack of notice of the unsafe condition and the defendant was charged with constructive notice of the condition. Thus when an unsafe condition, although temporary or transitory, arises out of the course of conduct of the owner or operator of a premises or may reasonably be expected from his method of operation, a much shorter period of time, and possibly no appreciable period of time under some circumstances, need exist to constitute constructive notice.

We think the finding of the jury has adequate support in the evidence and the A & P is chargeable with constructive notice of the condition of the aisle in its store which

rendered it not as safe as its nature would reasonably permit. The liability of A & P rests on two grounds: (1) Its failure to inspect and sweep within a reasonable time before the accident, and (2) the manner in which the Italian prunes were displayed. While there is no direct testimony establishing the Italian prune was on the floor longer than five minutes, the jury could reasonably infer it was there for a much longer period of time. There was testimony that it was A & P's policy to check the floors every ten minutes and to sweep whenever necessary, at least once an hour. However, after the accident the floor manager, in filling out an accident report based on information he received from the produce manager, did not answer two questions in the form relating to when the floor was last swept before the accident and when the floor had last been inspected. There was testimony by the produce manager that he did not know when the aisle had been last inspected or swept before the accident. The jury could infer that if the aisle had been inspected or swept within a reasonable time this information would have been inserted in the form.

More importantly, we think supermarkets which display their produce and fruit in such a way that they may be handled by customers and dropped or knocked to the floor unintentionally is a way of doing business which requires the storekeeper to use reasonable measures to discover and remove such debris from the floor. The Italian prunes were piled on the table in the aisle. There was evidence that sometimes prunes were packaged in trays or "boats" which prevents the handling of the fruit by the customer and the knocking of individual pieces of fruit to the floor. While the use of self-service produce displays is not negligence as a matter of law, they do create marketing problems of safety and place upon the store operator the need for greater vigilance if he is to

meet the higher than common-law standard of care required by the safe-place statute.

Other jurisdictions have dealt with this problem of the unsafe condition of a floor because of debris thereon in self-service produce departments by shifting the burden of proof to the defendant store owner to show he took reasonable measures to prevent such dangers. In *Wollerman v. Grand Union Stores, Inc.* (1966), 47 N. J. 426, 221 Atl. (2d) 513, the defendant slipped on a string bean on the floor of the defendant's market. In the absence of proof of actual notice, which is generally impossible of proof in this type of case, the court held it was reasonable to require the storekeeper to come forward with some evidence to show he had taken reasonable steps to avoid the condition; otherwise, an inference was proper that the fault was his. The *Wollerman Case* was quoted with approval in *Rhodes v. El Rancho Markets* (1966), 4 Ariz. App. 183, 418 Pac. (2d) 613, where the court took judicial notice that in self-service market operations the customer is expected to handle and examine the produce displayed in open bins. In *Rhodes* the plaintiff slipped on a piece of lettuce in the produce department. The store had a policy to sweep as often as needed, sometimes four or five times an hour. However, there was no evidence when the store had been last swept before the accident. The court held the jury might infer the storekeeper was negligent in failing to take reasonable protective measures for the benefit of its customers. Liability was predicated on similar grounds in *Torda v. Grand Union Co.* (1959), 59 N. J. Super. 41, 157 Atl. (2d) 133 (lettuce leaf and water near a bin in a market) and in *Bozza v. Vornado, Inc.* (1964), 42 N. J. 355, 200 Atl. (2d) 777 (debris on the floor of a busy self-service cafeteria).

While we do not go so far as to change the burden of proof, we think that in circumstances where there is a reasonable probability that an unsafe condition will oc-

cur because of the nature of the business and the manner in which it is conducted, then constructive knowledge of the existence of such an unsafe condition may be charged to the operator and such constructive notice does not depend upon proof of an extended period of time within which a shop owner might have received knowledge of the condition in fact.

In principle, this case is not much different than the placing of a weighing machine in an aisle of a store, which we held to be a basis of liability under the safe-place statute in *Zehren v. F. W. Woolworth Co.* (1960), 11 Wis. (2d) 539, 105 N. W. (2d) 563. See also Anno. Debris on Floor—Injury, 61 A. L. R. (2d) 6, 13.

*By the Court.*—Judgment affirmed.